**PAHL & McCAY**
A Professional Law Corporation
**Catherine Schlomann Robertson, Esq.** (State Bar No. 136213)
225 West Santa Clara Street
Suite 1500
San Jose, California 95113-1752
Telephone:  (408) 286-5100
Facsimile:   (408) 286-5722
Email:  crobertson@pahl-mccay.com

Attorneys for Plaintiff
MYBUSINESSLOAN.COM, LLC
dba DEALSTRUCK, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYBUSINESSLOAN.COM, LLC dba DEALSTRUCK, INC. <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN ROOFING, INC. dba DRURY BROS. ROOFING, DRURY BROS ROOFING DENVER INC., GEORGE DON DRURY, REIMAN CORP., and IRET PROPERTIES, <br><br> Defendants. | Case No. **'15CV1770 BAS BGS** <br><br> *[Unlimited Jurisdiction]* <br><br> **COMPLAINT FOR BREACH OF CONTRACT, MONEY HAD AND RECEIVED, INTENTIONAL MISREPRESENTATION, NEGLIGENT MISREPRESENTATION, PROMISE WITHOUT INTENT TO PERFORM, CONVERSION, BREACH OF GUARANTY, AND BREACH OF OBLIGATION TO PAY MONEY AND BREACH OF ASSIGNED CONTRACT** <br><br> Action Filed: <br> Trial Date: N/A |

Comes now Plaintiff, DEALSTRUCK, INC. and alleges as follows:

1. At all times relevant herein, Plaintiff MYBUSINESSLOAN.COM, LLC, dba DEALSTRUCK, INC. ("DEALSTRUCK"), was a California corporation with its principal place of business in the City of San Diego, County of San Diego, California.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this civil action pursuant to 28 U.S.C § 1331. This Court has pendent jurisdiction over the state law claims pursuant to 28 USC § 1367.

3. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

4. The amount in controversy herein exceeds $75,000, exclusive of interest and

**Pahl & McCay**
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*4315/007 -
00424561.DOCX.
1

-------------------- 1 --------------------
**COMPLAINT FOR BREACH OF CONTRACT…**                                                                                                 (Case No.   )

1 costs.

2     5.    Venue is proper in the Southern District of California pursuant to 28 U.S.C. §
3 1391(a) (2), as a substantial part of the events or omissions giving rise to the claims occurred in
4 this District.

## THE PARTIES

6     6.    Plaintiff is informed and believes and thereon alleges that at all times relevant
7 herein Defendant DRURY, an individual, is and was, a resident of Colorado.

8     7.    Plaintiff is informed and believes and thereon alleges, that at all times relevant
9 herein, Defendant AMERICAN ROOFING, INC., dba DRURY BROS. ROOFING, was an
10 Indiana Corporation doing business in Colorado and Wyoming.

11     8.    Plaintiff is informed and believes and thereon alleges, that at all times relevant
12 herein, Defendant DRURY BROS ROOFING DENVER INC., was a Colorado Corporation
13 doing business in Colorado and Wyoming. Hereafter, AMERICAN ROOFING, INC., dba
14 DRURY BROS. ROOFING, and DRURY BROS ROOFING DENVER INC., will be jointly
15 desigated as "DRURY BROS".

16     9.    Plaintiff is informed and believes and thereon alleges, that at all times relevant
17 herein, Defendant REIMAN CORP., ("REIMAN"), was a Wyoming Corporation.

18     10.    Plaintiff is informed and believes and thereon alleges, that at all times relevant
19 herein, Defendant IRET PROPERTIES ("IRET"), was a North Carolina Corporation.

## GENERAL ALLEGATIONS

21     11.    On or about October 20, 2014, DEALSTRUCK and DRURY BROS executed a
22 Credit Line Master Agreement, (the "Factoring Agreement"), whereby DEALSTRUCK, for
23 valuable consideration, purchased certain account receivables of DRURY BROS. A true and
24 correct copy of the Factoring Agreement is attached hereto and incorporated herein as **Exhibit**
25 **A**.

26     12.    In the Factoring Agreement and Schedules of Accounts, which schedules
27 individually assigned the invoices at issue herein (which reiterated the terms of the Factoring
28 Agreement), DRURY BROS and DRURY warranted that:

**Pahl & McCay**
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*4315/007 -
00424561.DOCX.
1

--------------------      2      --------------------
**COMPLAINT FOR BREACH OF CONTRACT…**      (Case No. )

a)      Borrowers shall notify the Lender promptly of: (i) any material delay in any Borrower's performance of any of its material obligations to any such account debtor or the assertion of any material claims, offsets, defenses or counterclaims by any such account debtor, or any material disputes with such account debtors, or any settlement, adjustment or compromise thereof, (ii) all material adverse information known Borrower relating to the financial condition of any such account debtor, and (iii) any event or circumstance which, to the best of Borrower's knowledge, would cause the Lender to consider any such Accounts as no longer constituting Eligible Accounts.

b)      No credit, discount, allowance or extension or agreement for any Eligible Account shall be granted to any account debtor without the Lender's consent, except in the ordinary course of Borrower's business in accordance with historical practice. So long as no Event of Default exists or has occurred and is continuing, the Borrower shall settle, adjust or compromise any claim, offset, counterclaim or dispute with any account debtor. At any time that an Event of Default exists or has occurred and is continuing, the Lender shall, at its option, have the right to settle, adjust or compromise any claim, offset, counterclaim or dispute with account debtors or grant any credits, discounts or allowances; provided, that (i) the Borrower shall have the right to do any of the foregoing in the ordinary course of business and (ii) the Lender shall provide prompt notice to the Borrower of its election to exercise such option.

c)      With respect to each Eligible Account: (i) the amounts shown on any invoice delivered to the Lender or schedule thereof delivered to the Lender shall be true and complete in all material respects, (ii) payments thereon received by Borrower shall be promptly delivered to the Lender pursuant to the terms of this Agreement, (iii) there shall be no setoffs, deductions, contras, defenses, counterclaims or disputes existing or asserted with respect thereto except as reported to the Lender in accordance with the terms of this Agreement, and (iv) none of the transactions giving rise thereto will violate in any material respect any applicable Federal, State or local laws or regulations, all documentation relating thereto will in all material respects be legally sufficient under such laws and regulations and all such documentation will in all material respects be legally enforceable in accordance with its terms. The Lender shall have the right to verify the validity, amount or any other matter relating to any Account or other Collateral, by mail, telephone, email, facsimile transmission or otherwise, as it deems necessary in its commercially reasonable discretion.

*   *   *

Each Account included in the Borrowing Base is an "Eligible Account" as defined herein, and conforms to the definition thereof. Without limiting the generality of the foregoing, (a) each Eligible Account represents valid, binding and enforceable obligations of the Account Debtor obligated thereon, except as enforceability may be limited by bankruptcy, insolvency, and similar laws and equitable principles affecting the enforcement of creditors' rights generally, representing undisputed, bona fide transactions completed in accordance with the terms and provisions contained in any documents related thereto, and is and will be genuine, free from liens, adverse claims, counterclaims, setoffs, defaults, disputes,

**Pahl & McCay**
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*4315/007 -
00424561.DOCX.
1

--------------------        3        --------------------
**COMPLAINT FOR BREACH OF CONTRACT…**                                    (Case No.   )

defenses, retainages, holdbacks and conditions precedent of any kind of character, (b) to Borrower's knowledge, the Account Debtor is solvent and generally paying its debts as they come due, (c) each Eligible Account complies with all applicable laws concerning form, content and manner of preparation and execution, including where applicable any federal and state consumer credit laws, (d) Borrower has not assigned any of its rights to collect the Accounts other than to Lender pursuant to this Agreement, (e) all statements made, all unpaid balances and all other information in Borrower's books and records and other documentation relating to the Accounts are true and correct and what they purport to be, (f) and Borrower has no knowledge of any fact or circumstance which would materially impair the validity or collectability of any Eligible Account.

13. To secure DRURY BROS' obligations to DEALSTRUCK, DRURY BROS granted DEALSTRUCK a security interest in all of DRURY BROS' accounts, accounts receivable, contract rights, chattel paper, general intangibles, instruments, documents, inventory, deposit accounts, investment property, and all machinery, equipment, furniture, furnishings, fixtures, tools, supplies and motor vehicles (the "Collateral").

14. In conjunction with the execution of the Factoring Agreement, GEORGE DON DRURY ("DRURY") guaranteed DEALSTRUCK, in writing, that they would pay all indebtedness and obligations of DRURY BROS to DEALSTRUCK, which were then presently due or which thereafter became due (the "Guaranty"). A true and correct copy of the DRURY Guaranty is attached hereto and incorporated herein as **Exhibit B**.

15. Thereafter, DRURY BROS provided services to various account debtors, including REIMAN and IRET.

16. REIMAN and IRET were each issued a Notice of Assignment, which stated, in relevant part:

> We are pleased to advise that, to enable the Client to better service its customers, the Client has irrevocably assigned its present and future Accounts to us. To the extent that you are now indebted or may in the future become indebted to the Client on an Account, payment thereof must be sent to us and not to the Client or any other entity. Please update this Client's accounting system record with the following payment remittance instructions:
>
> | **Mailing Instructions** | **Direct Deposit Instructions** |
> |---|---|
> | Drury BROS Roofing, Inc. | City National Bank |
> | File 1633 | Beneficiary: Drury BROS Roofing, Inc. |
> | 1801 W. Olympic Blvd. | Routing No.: 122016066 |
> | Pasadena, CA 91199-1633 | Account No.: 013952167 |

Pahl & McCay
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*4315/007 -
00424561.DOCX.
1

--------------------
**COMPLAINT FOR BREACH OF CONTRACT…**                        4                        --------------------
                                                                                      (Case No.    )

        Payments made in any other manner may expose you to multiple liabilities. By signing this Notice you agree to ignore any attempt by Client or anyone else to rescind this Notice. This Notice may only be revoked in writing by an officer of MyBusinessLoan.com, LLC (the Lender") or Dealstruck, Inc. (the "Manager" of Lender).

17.    Following each delivery of goods and/or services, DRURY BROS provided REIMAN and IRET with an invoice (the "invoices").

18.    Thereafter, DRURY BROS issued to REIMAN and IRET invoices, assigned those invoices to DEALSTRUCK and obtained an advance.  A true and correct copy of the aging listing outstanding invoices is attached hereto and incorporated herein as **Exhibit C**.

19.    In accordance with the terms of the DRURY BROS Factoring Agreement, DEALSTRUCK received invoices, and thereafter made an immediate disbursement to DRURY BROS as consideration for the purchase and assignment of each invoice.

20.    Prior to advancing monies to DRURY BROS, REIMAN and IRET were issued written notice of DRURY BROS' assignment of the REIMAN and IRET invoices to DEALSTRUCK (the "Notice of Assignment").  The Notice of Assignment informed REIMAN and IRET that DRURY BROS had assigned DEALSTRUCK, DRURY BROS' receivables.  The Notice of Assignment instructed REIMAN and IRET to make all payments on the Account Debtor Invoices to DEALSTRUCK.  The REIMAN and IRET Notice further informed REIMAN and IRET that the assignment remained in effect until notified to the contrary by DEALSTRUCK and that payment to anyone other than DEALSTRUCK did not constitute adequate payment.

21.    DEALSTRUCK is informed and believes, and thereon declares, that DRURY *issued instructions, including but not limited to email, to REIMAN and IRET specifically instructing them to disregard the prior Notice of Assignment* for DEALSTRUCK and *instead issue payments directly to DRURY BROS.*

22.    In response to the request identified in paragraph 21 above, *and in direct violation of the Uniform Commercial Code*, REIMAN and IRET issued payments directly to DRURY BROS.

23.    DEALSTRUCK has made demand upon DRURY BROS and DRURY to honor

Pahl & McCay
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*4315/007 -
00424561.DOCX.
1

--------------------                        5                             --------------------
**COMPLAINT FOR BREACH OF CONTRACT…**                                                        (Case No.   )

1 the terms of the Invoices and Notice of Assignment, but they have refused to issue payment to
2 DEALSTRUCK.

3     24.    DRURY BROS and DRURY have failed to pay DEALSTRUCK any portion of
4 the amounts due and owing to DEALSTRUCK.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract against DRURY BROS)

25. Plaintiff realleges and incorporates herein by this reference each and every foregoing paragraph of this Complaint as though fully set forth herein.

26. Plaintiff has performed all conditions, covenants, and promises required to be performed on its part in accordance with the terms of the Factoring Agreement.

27. DRURY BROS breached the Factoring Agreement by, amongst other things, directing the account debtor to pay it directly, and failing to forward to DEALSTRUCK amounts received from REIMAN, IRET and by failing to refund to DEALSTRUCK the amounts paid by DEALSTRUCK to DRURY BROS in consideration for the purchase of receivables and the fees to which DEALSTRUCK is entitled to pursuant to the DRURY BROS Factoring Agreement.

28. DRURY BROS further breached the Factoring Agreement by, amongst other things, having warranted that its receivables were correct and undisputed and that the payment of receivables was not conditional or subject to any defense, offset, or counter claim and would be paid when due, when, in fact, that is not correct.

29. As a result of DRURY BROS's breach of the contract, Plaintiff has suffered damages in an amount to be proven at trial, based on assigned invoices of Five Hundred Forty-Four Thousand Nine Hundred Thirty-Eight Dollars and Ninety-Three Cents ($544,938.93).

30. Pursuant to Section 3 of the Factoring Agreement, Defendants DRURY BROS and DRURY were legally responsible for various fees in conjunction with the factoring transaction.

31. Pursuant to Section 13.4 of the Factoring Agreement, DRURY BROS agreed to pay all attorney's fees and costs which may be incurred by DEALSTRUCK in the enforcement of the Factoring Agreement. DEALSTRUCK has employed the services of Pahl & McCay, a

**Pahl & McCay**
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*4315/007 -
00424561.DOCX.
1

--------------------    6    --------------------
**COMPLAINT FOR BREACH OF CONTRACT…**    (Case No.  )

Professional Law Corporation, to enforce its rights under the Factoring Agreement and has incurred and will continue to incur attorney's fees and costs as a result.

WHEREFORE, DEALSTRUCK prays for judgment against DRURY BROS as set forth in the Prayer for Relief below.

## SECOND CLAIM FOR RELIEF

**(Money Had and Received against DRURY BROS)**

32. Plaintiff realleges and incorporates herein by this reference each and every foregoing paragraph of this Complaint as though fully set forth herein.

33. Within the last two years, DRURY BROS became indebted to DEALSTRUCK in the sum of no less than Five Hundred Forty-Four Thousand Nine Hundred Thirty-Eight Dollars and Ninety-Three Cents ($544,938.93) for monies had and received from DEALSTRUCK at its own insistence and request.

34. Although demand has been made, there is now a balance due and owing and unpaid to DEALSTRUCK in an amount no less than Five Hundred Forty-Four Thousand Nine Hundred Thirty-Eight Dollars and Ninety-Three Cents ($544,938.93), plus interest thereon at the maximum legal rate.

WHEREFORE, Plaintiff DEALSTRUCK prays for judgment against DRURY BROS as set forth in the Prayer for Relief below.

## THIRD CLAIM FOR RELIEF

**(Intentional Misrepresentation against Defendants DRURY BROS and DRURY)**

35. Plaintiff realleges and incorporates herein by this reference each and every foregoing paragraph of this Complaint as though fully set forth herein.

36. Moreover, GEORGE DON DRURY and DRURY BROS intentionally signed the Factoring Agreement and all associated documents under the name Drury Bros. Roofing, Inc., which is an entity of non-existent. DEALSTRUCK is informed and believes that Defendants signed the agreements with the express intention of misrepresenting that DRURY BROS was Drury Bros. Roofing, Inc., an entirely separate corporation operated by a related family member in the same geographic areas, but with a positive regional reputation and financial profile.

**Pahl & McCay**
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*4315/007 -
00424561.DOCX.
1

37. DRURY BROS and DRURY represented that if for any reason the invoice was paid directly to DRURY BROS, they/it would promptly notify DEALSTRUCK of such payment, would hold any checks, drafts or monies so received in trust for DEALSTRUCK and promptly endorse, transfer and deliver the same to DEALSTRUCK.

38. The representation was in fact false, because after DEALSTRUCK issued the Notice of Assignment, DRURY instructed its account debtors to make payments to DRURY BROS.

39. DRURY BROS and DRURY further warranted that receivables were correct and undisputed and that the payment of receivables was not conditional or subject to any defense, offset, or counter claim and would be paid when due.

40. These representations were in fact false as, among other things, Defendants have refused to issue payment on the receivables at issue.

41. When DRURY BROS and DRURY made these false and misleading statements, he/she/it knew the representations to be false.

42. DRURY BROS and DRURY made these representations with the intent to defraud DEALSTRUCK by inducing DEALSTRUCK to enter into the Factoring Agreement, purchase receivables and make the necessary disbursements to DRURY BROS as required by the Factoring Agreement.

43. At the time DEALSTRUCK acted in reliance upon these false representations it did not know the representations were false and believed the representations to be true. DEALSTRUCK justifiably relied on the truth of the representations when entering into the Factoring Agreement, purchasing receivables and making disbursements to DRURY BROS in accordance therewith.

44. As a result of DEALSTRUCK's justifiable reliance upon the false representations, DEALSTRUCK has suffered damages in an amount to be proven at trial, based on assigned invoices of Five Hundred Forty-Four Thousand Nine Hundred Thirty-Eight Dollars and Ninety-Three Cents ($544,938.93). These damages were a reasonably foreseeable consequence of the misrepresentations identified above and were foreseeable to DRURY BROS

Pahl & McCay
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*4315/007 -
00424561.DOCX.
1

1  at the time the false representations were made to DEALSTRUCK.

2  45. The intentional misrepresentations of DRURY BROS and DRURY were made
3  with malice, oppression and fraud and constituted despicable conduct, thus warranting an award
4  of punitive damages.

5  WHEREFORE, Plaintiff DEALSTRUCK prays for judgment against DRURY BROS and
6  DRURY as set forth in the Prayer for Relief below.

**FOURTH CLAIM FOR RELIEF**

**(Negligent Misrepresentation against DRURY BROS and DRURY)**

46. Plaintiff realleges and incorporates herein by this reference each and every foregoing paragraph of this Complaint as though fully set forth herein.

47. When DRURY, as agent for DRURY BROS, made the false and misleading statements previously set forth in the Third Claim for Relief, they reasonably should have known the representations to be false. These misrepresentations were made to DEALSTRUCK without any reasonable grounds for DRURY BROS and DRURY to believe them to be true.

48. At the time DEALSTRUCK acted in reliance upon the false representations, it did not know that the representations were false and believed the representations to be true. DEALSTRUCK reasonably relied upon the truth of the representations when entering into the Factoring Agreement, purchasing receivables and making disbursements to DRURY BROS in accordance therewith.

49. As a result of DEALSTRUCK's reasonable reliance upon the false representations, DEALSTRUCK has suffered damages in an amount to be proven at trial, based on assigned invoices of Five Hundred Forty-Four Thousand Nine Hundred Thirty-Eight Dollars and Ninety-Three Cents ($544,938.93). These damages were a reasonably foreseeable consequence of the misrepresentations and were foreseeable to DRURY BROS and DRURY at the time they made the false representations to DEALSTRUCK.

WHEREFORE, Plaintiff DEALSTRUCK prays for judgment against DRURY BROS and DRURY as set forth in the Prayer for Relief Below.

///

Pahl & McCay
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*4315/007 -
00424561.DOCX.
1

## FIFTH CLAIM FOR RELIEF

### (Conversion against DRURY BROS and DRURY)

50. Plaintiff realleges and incorporates herein by this reference each and every foregoing paragraph of this Complaint as though fully set forth herein.

51. At all times relevant herein, DEALSTRUCK was and still is the owner of, and was and still is entitled to possession of, the monies that DRURY BROS received directly from its account debtors.

52. DRURY BROS and DRURY misappropriated and converted to their own personal use and possession the payments on receivables which were received from the account debtors and which rightfully belong to DEALSTRUCK as consideration for the purchase of receivables. The total amount misappropriated from DEALSTRUCK by DRURY BROS as alleged herein is no more than Five Hundred Forty-Four Thousand Nine Hundred Thirty-Eight Dollars and Ninety-Three Cents ($544,938.93).

53. Between the time of DRURY BROS' conversion of the above-mentioned property to its own use and the filing of this action, Plaintiff has spent time and money in pursuit of the converted property all to Plaintiff's further damage in a sum to be proven at trial.

54. The aforementioned acts of DRURY BROS were willful, wanton, malicious, and oppressive, and were taken with the intent to defraud Plaintiff, thus warranting an award of punitive damages.

WHEREFORE, Plaintiff DEALSTRUCK prays for judgment against Defendant DRURY BROS and DRURY as set forth in the Prayer for Relief below.

## SIXTH CLAIM FOR RELIEF

### (Breach of Guaranty as to DRURY)

55. Plaintiff realleges and incorporates herein by this reference each and every foregoing paragraph of this Complaint as though fully set forth herein.

56. DRURY each executed a Guaranty expressly warranting that he/she would comply in every aspect with the terms of any agreement that DRURY BROS had made or may make with DEALSTRUCK.

**Pahl & McCay**
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*4315/007 -
00424561.DOCX.
1

COMPLAINT FOR BREACH OF CONTRACT...   10   (Case No.   )

57. Plaintiff has performed all conditions, covenants, and promises required to be performed on its part in accordance with the terms and conditions of the Guaranty.

58. DRURY breached the Guaranty by failing to ensure that DRURY BROS complied with the terms of the Factoring Agreement by among other things, endorsing, transferring, and delivering to DEALSTRUCK the monies which DRURY BROS received from its account debtor or reimbursing DEALSTRUCK for the amount paid as consideration for the purchase of receivables.

59. As a result of DRURY's breach of the Guaranty, Plaintiff has suffered damages in an amount to be proven at trial, based on assigned invoices of Five Hundred Forty-Four Thousand Nine Hundred Thirty-Eight Dollars and Ninety-Three Cents ($544,938.93).

60. Pursuant to the Guaranty, DRURY agreed to pay all attorneys' fees and other costs which may be incurred by DEALSTRUCK in any way, arising out of, following, or consequential to the enforcement of the obligations of DRURY BROS, whether under the Guaranty, the Factoring Agreement, or otherwise.  DEALSTRUCK has employed the services of the law firm of Pahl & McCay, a Professional Law Corporation, to enforce its rights under the Guaranty, and has incurred and will continue to incur legal fees and costs as a result.

WHEREFORE, Plaintiff DEALSTRUCK prays for judgment against DRURY as set forth in the Prayer for Relief below.

### SEVENTH CLAIM FOR RELIEF

**(Breach of Obligation to Pay Money Against Defendants REIMAN and IRET)**

61. Plaintiff realleges and incorporates herein by this reference each and every foregoing paragraph of this Complaint as though fully set forth herein.

62. For valuable consideration, DRURY BROS transferred and assigned, in writing, to DEALSTRUCK all its rights to monies then due or thereafter becoming due to it from REIMAN and IRET.  Plaintiff has ever since been, and now is, the owner and holder of all monies due to DRURY BROS from REIMAN and IRET.

63. REIMAN and IRET were given notice of the assignment by written

**Pahl & McCay**
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*4315/007 -
00424561.DOCX.
1

--------------------                                11                                --------------------
**COMPLAINT FOR BREACH OF CONTRACT…**                                                              (Case No.    )

1 correspondence, thereby obligating them to pay all the monies due on the invoices to
2 DEALSTRUCK under California Commercial Code Section 9406.
3       64. Under California Commercial Code Section 9406, payment to any party other
4 than DEALSTRUCK, after receipt of notification of assignment, is insufficient to fulfill the
5 obligation. Under California Commercial Code Section 9404, the rights of an assignee are
6 subject DRURY BROS to any defense or claim of the account debtor against that assignor which
7 accrues before the account debtor receives a notification of the assignment.
8       WHEREFORE, Plaintiff DEALSTRUCK prays for judgment against REIMAN and
9 IRET as set forth in the Prayer for Relief below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff DEALSTRUCK prays for judgment against Defendants DRURY BROS, GEORGE DON DRURY, REIMAN CORP., and IRET PROPERTIES as follows:

<u>As to the First, Second, and Sixth Claims for Relief against Defendants DRURY BROS and DON GEORGE DRURY</u>:

1. For compensatory damages in an amount to be proven at trial, based on assigned invoices of Five Hundred Forty-Four Thousand Nine Hundred Thirty-Eight Dollars and Ninety-Three Cents ($544,938.93);

2. For contractual fees pursuant the terms of the Factoring Agreement and Guaranty.

<u>As to the Third, Fourth, and Fifth Claims for Relief against Defendant DRURY BROS and GEORGE DON DRURY</u>:

3. For compensatory damages in an amount to be proven at trial, based on assigned invoices of Five Hundred Forty-Four Thousand Nine Hundred Thirty-Eight Dollars and Ninety-Three Cents ($544,938.93);

4. For interest at the maximum legal rate from the date the funds were first due and owing to the date that the funds are returned to Plaintiff;

5. For punitive and exemplary damages in an amount sufficient to punish Defendants and each of them and to deter others from such conduct in the future;

**Pahl & McCay**
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*4315/007 -
00424561.DOCX.
1

<u>As to the Seventh Claims for Relief against REIMAN and IRET:</u>

6. For amounts discovered to have been paid by each Account Debtor after receipt of the Notice of Assignment;

7. For interest at the maximum legal rate from the date the funds were first due and owing to the date that the funds are returned to Plaintiff;

<u>As to All Causes of Action against All Defendants</u>:

8. For costs of suit incurred herein;

9. For attorney's fees incurred herein; and,

10. For such other relief as the Court deems just and proper.

DATED: August 11, 2015           PAHL & McCAY
                                 A Professional Law Corporation


By:  /s/ *Catherine Schlomann Robertson*
     Catherine Schlomann Robertson, Esq.

     Attorneys for Plaintiff
     MYBUSINESSLOAN.COM, LLC
     dba DEALSTRUCK, INC.

**Pahl & McCay**
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*4315/007 -
00424561.DOCX.
1

**COMPLAINT FOR BREACH OF CONTRACT…**            13            (Case No.    )